# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

January 29, 2025

To:   All counsel of record

## LETTER ORDER

Re:   *Evanston Insurance Company v. Express Container Services of <u>Keasbey, LLC, et al.</u>*, Civil Action No. 23-22575 (EP) (LDW)

Dear Counsel:

Before the Court is plaintiff Evanston Insurance Company's request for leave to file an amended complaint. (ECF 72, 74, 78). Defendant The Charter Oak Fire Insurance Company i/s/a Travelers Indemnity Company ("Travelers") opposes the application. (ECF 73, 79). This application is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, plaintiff's request for leave to file an amended complaint is **GRANTED**.

## Background

The Court recites only the factual allegations and procedural history relevant to the instant application. Plaintiff issued a primary commercial general liability insurance policy and a commercial excess policy to Express Container Services of Keasbey, LLC and Express Container Services (the "Express Defendants") for the premises located at 155 Smith Street in Keasbey, New Jersey. (Comp. ¶¶ 35-36, 44, ECF 1). The policy contains a clause excluding coverage for bodily injury "arising out of any . . . 'auto.'" (*Id.* ¶ 37). Travelers issued a commercial automobile insurance policy to the Express Defendants, which provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (*Id.* ¶ 42, Ex. D). The Travelers policy provides coverage for certain "autos" that the Express Defendants "do not own, lease, hire, rent or borrow that are used in connection with [the insured's] business." (*Id.* ¶ 43, Ex. D). The Express Defendants leased the premises at 155 Smith Street to Tom Hassel. (*Id.* ¶ 30). Tom Hassel, in turn, obtained a commercial auto insurance policy from National Interstate Insurance Company ("NIIC") and an excess liability insurance policy from Aspen Specialty Insurance Company ("Aspen"). (*Id.* ¶¶ 52-62).

On June 23, 2020, John Stanton filed suit against the Express Defendants and Tom Hassel in the Superior Court of New Jersey, Middlesex County alleging that he sustained severe personal injuries when he fell off an oil rig tanker on the Keasbey premises in the course of his employment with Tom Hassel (the "Underlying Action").   (*Id.* ¶¶ 24-29).   There appears to be no dispute that the Express Defendants did not own the oil rig at issue.   Plaintiff disclaimed coverage for the Express Defendants in the Underlying Action under the auto exclusion in the general liability insurance policy but agreed to provide a defense subject to a reservation of rights.   (*Id.* ¶ 64). Plaintiff tendered defense and indemnity of the Underlying Action to Travelers on behalf of the Express Defendants, but Travelers disclaimed coverage because "the non-owned auto that [John Stanton] fell off of was not used in connection with [the Express Defendants'] business" and was therefore not a covered automobile as defined by the policy.   (*Id.* ¶¶ 69-70, Ex. N).

Accordingly, plaintiff filed this action on November 21, 2023, seeking a declaration that it has no duty to defend or indemnify the Express Defendants in the Underlying Action due to the auto exclusion in its policies.   (*Id.* ¶¶ 74-82).   Plaintiff further seeks contribution and/or indemnity for the cost of defending the Underlying Action from NIIC and Aspen.   (*Id.* ¶¶ 83-97). Plaintiff named Travelers as an "interested party" in the action.   (*Id.* ¶ 6).   Although it alleges that "[t]here is a real, substantial, and justiciable issue and controversy between the parties hereto with respect to the availability of liability coverage under the Evanston, NIIC, Aspen and Travelers Policies for the claims asserted in the Underlying Action against the Express Defendants," (*id.* ¶ 72), the complaint does not seek a declaration that Travelers has a duty to defend or indemnify the Express Defendants in the Underlying Action.   The only substantive allegations with respect to Travelers are made in connection with Count 4 of the complaint, which seeks a declaration that plaintiff has no coverage obligation under its excess policy.   Specifically, the complaint alleges that:

> The 'auto' central to the Underlying Action is owned by Tom Hassel, and is *not* owned by the Express Defendants and was not used in connection with the Express Defendants' business.   The Evanston Excess Policy follows form to the Travelers Policy and incorporates the terms of the Travelers Policy, including the Non-Owned Auto Limit.   As a result, if there is no coverage under the Travelers Policy, then there is no coverage under the Evanston Excess Policy for the Underlying Action.

(*Id.* ¶¶ 111-13).   *See also id.* ¶¶ 116, 117 (reiterating allegation that "the Underlying Action concerns bodily injury arising out of a non-owned auto not used in connection with the Express Defendants' business").

Despite the fact that the complaint asserted no affirmative claims against Travelers, Travelers filed an answer and counterclaim on January 31, 2024 alleging that the oil rig is not a covered auto under the policy and Travelers "is entitled to a declaration that it has no duty to defend or to indemnify the Express Defendants in the Underlying Action." (Counterclaim ¶¶ 9-10, ECF 34).   Plaintiff answered Travelers' counterclaim on February 20, 2024, denied the allegations in paragraph 10, and requested that the counterclaim be dismissed.   (Pl. Answer to Counterclaim, ECF 42).   Following the filing of these initial pleadings, the Underlying Action settled for $2.6 million.   (Proposed Am. Compl. ¶ 3, ECF 72-1).   Plaintiff contributed $1.6

2

million to the settlement. (*Id.* ¶ 22).

The Court convened a Rule 16 initial scheduling conference on April 2, 2024 and entered a Pretrial Scheduling Order directing that "[a]ny request for leave to file a motion to add new parties or amend pleadings . . . must be filed not later than May 19, 2024." (ECF 48). The Court further directed the parties to select a mediator and proceed expeditiously to early mediation. (ECF 48, 50). On May 14, 2024, Aspen requested leave to file a Rule 12(c) motion for judgment on the pleadings, which was denied without prejudice pending the outcome of mediation. (ECF 51, 53). Mediation took place on July 23, 2024, but the parties did not reach a settlement. (ECF 58). Following completion of mediation, defendant Aspen renewed its request to file a Rule 12(c) motion, which was granted. (ECF 58, 63). Plaintiff apprised the Court that it intended to seek leave to file an amended complaint in response to Aspen's motion. (ECF 62, 64). The Court entered an Order on September 9, 2024 directing that "Plaintiff shall file any request for leave to file a motion to amend on or before September 18, 2024. Aspen shall file its Rule 12(c) motion within 21 days after resolution of any motion to amend" to ensure that the Rule 12(c) motion is responsive to the operative pleading. (ECF 68). The deadline for plaintiff to seek leave to amend was subsequently extended to September 25, 2024. (ECF 71).

On September 25, 2024, plaintiff filed the instant application to amend its complaint to (1) add factual allegations regarding the settlement of the Underlying Action, (2) assert claims for subrogation, contribution, and/or indemnity for the attorneys' fees and settlement amounts paid on behalf of the Express Defendants from all of the insurer defendants, and (3) to "add an additional alternative claim against Travelers." (ECF 72). Defendants NIIC and Aspen do not oppose the proposed amendment. Travelers opposes the proposed amendment only to the extent that it seeks to assert a new claim against it, arguing that the amendment is untimely under Rule 16 and that plaintiff should be estopped from seeking coverage under Travelers' policy in light of the allegations in the initial complaint that the oil rig is a "non-owned auto not used in connection with the Express Defendants' business." (ECF 73, 79).

## Discussion

Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure mandates entry of a scheduling order that "limit[s] the time to join other parties [and] amend the pleadings." That scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). The "good cause" inquiry under Rule 16(b)(4) "focuses on the moving party's burden to show due diligence." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) ("The touchstone for assessing whether there was good cause to amend a complaint is whether the moving party showed due diligence in bringing their claims."). If Rule 16 is satisfied, the Court then determines whether to exercise its discretion to grant leave to amend under Rule 15's more liberal standard considering any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

3

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

First, Travelers argues that plaintiff has failed to establish good cause under Rule 16(b)(4) for its failure to seek leave to amend prior to the May 19, 2024 deadline in the Pretrial Scheduling Order. However, by Orders dated September 9 and 20, 2024, the Court extended the deadline for any request for leave to file a motion to amend to September 25, 2024. (ECF 68, 71). Plaintiff filed the instant application, as directed, on September 25, 2024. (ECF 72). By the Court's calculation, plaintiff's request for leave to amend was timely filed. In any event, the Pretrial Scheduling Order gave plaintiff only six and a half weeks to seek leave to amend, and the Court subsequently directed the parties to devote that time to a serious effort at early mediation. Indeed, Judge Padin denied Aspen's May 14, 2024 request to file a Rule 12(c) motion and directed the parties instead to prioritize mediation. (ECF 53). Mediation was not completed until July 23, 2024, and plaintiff raised the issue of amending its complaint less than one month thereafter; the formal application to amend was filed only four months after the initial May 19, 2024 deadline for any request to amend, at which time fact discovery was ongoing, and a Rule 12(c) motion was yet to be filed or adjudicated. The Court finds that plaintiff acted with diligence in seeking leave to amend once it became clear that the parties had reached impasse in the settlement efforts on which the Court directed them to focus, and plaintiff should not be penalized for complying with the Court's instruction to pursue early mediation in good faith prior to seeking leave to amend. Accordingly, the Court finds good cause to permit amendment under Rule 16.

With respect to Rule 15, there is no contention that plaintiff's proposed amendment is the product of undue delay or bad faith. In filing its counterclaim, Travelers itself injected the issue of whether it has a duty under its policy to defend and indemnify the Express Defendants into this action. Thus, the Court can perceive no prejudice Travelers would suffer if plaintiff is permitted to plead a mirror-image claim, which has identical factual and legal underpinnings as the counterclaim that is already part of this case. Instead, Travelers argues that the initial complaint made judicial admissions[1] that the oil rig at issue in the Underlying Action was "*not* owned by the Express Defendants and was not used in connection with the Express Defendants' business," such that there would be no coverage for the Underlying Action under Travelers' policy. The proposed amended complaint deletes those purported admissions and seeks subrogation, contribution, and indemnity from Travelers if it is determined that the oil rig was "used in connection with" the Express Defendants' business. (Proposed Am. Compl. ¶¶ 40, 93, 138). Travelers contends that plaintiff should be estopped from amending the complaint in a manner that contradicts purported admissions in the initial complaint, and, as such, the proposed amendment is futile.

The Third Circuit has squarely rejected this argument. As the Court explained, "[e]ven if Plaintiffs' allegations in the original complaint constituted judicial admissions, it does not follow that they may not amend them. This Court and several of our sister courts have recognized that judicial admissions may be withdrawn by amendment." *West Run Student Hous. Assocs., LLC*

---

[1] The Court need not determine whether the relevant allegations in the initial complaint constitute judicial admissions in order to resolve the motion to amend. That is a question for another day.

4

*v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). This is so "even when the proposed amendment flatly contradicts the initial allegation." *Id.* at 172. Thus, inconsistency in the initial and proposed amended pleadings, standing alone, is not a basis to deny leave to amend under Rule 15. *See, e.g.*, *Danon v. Vanguard Grp., Inc.*, 15-cv-6864, 2018 WL 5785342, at *4 (E.D. Pa. Nov. 2, 1018) (granting leave to amend pursuant to Rule 15 to allow plaintiff "to assert facts that differ from those previously introduced" in order to establish himself as protected whistleblower); *Cmty. Ass'n Underwriters of Am., Inc. v. Rhodes Dev. Grp., Inc.*, 09-cv-0257, 2011 WL 1397837, at *3 (M.D. Pa. Apr. 13, 2011) (granting leave to amend pursuant to Rule 15 to delete admission of third-party beneficiary status from initial complaint and noting that "Defendant is correct that allegations plead by Plaintiff in the original complaint constitute judicial admissions, however Plaintiff is not prevented from amending these admissions").

The Third Circuit's opinion in *Schomburg v. Dow Jones & Co., Inc.*, 504 F. App'x 100 (3d Cir. 2012) (per curiam), is instructive. There, the initial complaint alleged that plaintiff received a right-to-sue letter from the EEOC on March 8, 2011; as plaintiff did not file suit within 90 days of March 8, 2011, his claims were subject to dismissal as untimely. *Id.* at 102. In response to defendant's motion to dismiss, plaintiff sought leave to file an amended complaint alleging instead that he received the right-to-sue letter on March 18, 2011, which would make his claims timely. *Id.* The District Court denied plaintiff's motion to amend as futile on the theory that "a plaintiff is not permitted to take a contrary position to an allegation contained in a complaint to avoid dismissal." *Id.* at 103. The Court of Appeals vacated denial of leave to amend, noting that "[d]isallowing amendment merely because an existing allegation constitutes a judicial admission is contrary to the liberal amendment policy embodied in Rule 15(a)(2)." *Id.* at 104. As the proposed amendment was in no other respect inequitable or futile, the Court of Appeals found that leave to amend was warranted under Rule 15. The Court made clear that while "a party's assertion of contrary factual positions in the pleadings is [not] without consequence," *id.*, "[i]t is not a reason to deny leave to amend." *Id.* at 105.

The Court having found no undue delay, bad faith by plaintiff, or undue prejudice to Travelers, plaintiff's proposed amendment is permissible under Rule 15.

### Conclusion

For the foregoing reasons, plaintiff's application for leave to amend is **GRANTED**. Plaintiff is directed to file the amended complaint as a standalone document within seven days of the date of this Order. The telephone conference before the undersigned on February 3, 2025 at 4:00 p.m. will proceed as scheduled, at which time the Court will address the timing of responsive pleadings and any necessary adjustments to the discovery schedule.

It is **SO ORDERED**.

       *s/ Leda Dunn Wettre*
       Hon. Leda Dunn Wettre
       United States Magistrate Judge

Orig:  Clerk
cc:    Honorable Evelyn Padin, U.S.D.J.